**FREDERICK v. BAXTER ARMS CORPORATION et al.**

**In re BUNGE.**

**No. 8565.**

District Court, E. D. New York.

Feb. 14, 1939.

444

Martin H. Young, of New York City (Krause, Hirsch & Levin, of New York City, of counsel), for plaintiff.

William N. Tobin, of New York City, for defendants.

BYERS, District Judge.

There are two motions before the court in this matter:

1. To compel the plaintiff individually to pay the costs which have been taxed in defendants' favor following the entry of the decree dismissing the complaint on the merits, with costs.

2. To compel the plaintiff to pay an allowance of $350.00 to defendants' attorney.

As to the first, an examination of the files discloses that, as trustee in bankruptcy, the plaintiff qualified by filing his personal bond, a condition of which is that he will abide by all orders of the court. He has been ordered to pay the costs herein and, if he does not comply, an appropriate proceeding to that end may be instituted upon his bond. The court will retain this aspect of the motion under advisement until the conditions of the bond have been fulfilled, or remedy thereunder has been found to be inadequate.

In equity, the award of costs is discretionary and, while a trustee in bankruptcy may ordinarily be exempt therefrom as an incident to unsuccessful litigation, this is an exceptional case in which the plaintiff's putative status is figurative at best. So much has been previously related.

Concerning the second motion, the decision in Gold Dust Corporation v. Hoffenberg et al., 2 Cir., 87 F.2d 451, is clearly to the effect that power to grant the application does not reside in the court. For this reason alone, the motion is denied.

Settle order.